# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MARTHA R. MUZI,<br><br>            Plaintiff,<br><br>      v.<br><br>LESLIE MUNIZ and LARRY MUNIZ,<br><br>            Defendants. | Case No.  15-cv-02001-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND REMANDING ACTION TO THE SANTA CLARA COUNTY SUPERIOR COURT**<br><br>[Re: ECF 3, 6] |

Before the Court is Magistrate Judge Paul S. Grewal's May 5, 2015 Report and Recommendation that Defendant's motion for leave to proceed *in forma pauperis* ("IFP") be denied and that this unlawful detainer action be remanded to the Santa Clara County Superior Court.  R&R, ECF 6.  No objections to the Report and Recommendation have been filed and the deadline to object has elapsed.  *See* Fed. R. Civ. P. 72(b)(2) (deadline for objections is fourteen days after being served with report and recommendation); Certificate of Service, ECF 6-1 (Defendant served with R&R by mail on May 6, 2015).

The Report and Recommendation is well-founded in fact and law.  On April 8, 2015, Plaintiff Martha R. Muzi filed this unlawful detainer action in the Santa Clara County Superior Court.  Compl., Notice of Removal Exh. 1, ECF 1-1.  The complaint alleges that: Plaintiff is the owner of real property located in San Jose, California; Defendants Leslie and Larry Muniz rented the property from Plaintiff beginning in November 2008; on January 2, 2015, Plaintiff served Defendants with a notice to vacate the property within ninety days; and more than ninety days have elapsed but Defendants have not vacated the property.  *Id.*  Based upon these factual allegations, Plaintiff claims that "[b]y virtue of the provisions of California Code of Civil Procedure section 1161(1), there is an unlawful detainer of said premises and plaintiff is entitled to

1  possession of said premises." *Id.* ¶ VI.

2  On May 4, 2015, Defendant Leslie Muniz, proceeding *pro se*, filed a notice of removal and
3  a motion to proceed IFP.  Notice of Removal, ECF 1; Motion for Leave to Proceed IFP, ECF 3.
4  The removal was based upon asserted federal question jurisdiction.  Notice of Removal at ¶ 6,
5  ECF 1.  Specifically, Defendant asserted that she had filed a demurrer to the complaint in the
6  Santa Clara County Superior Court based upon Plaintiff's failure to comply with California Civil
7  Procedure Code § 1161(2); that the superior court had not sustained the demurrer; and that
8  "Federal question exists because Defendant's Demurrer, a pleading depends on the determination
9  of Defendant's rights and Plaintiff's duties under federal law." *Id.* ¶¶ 8-10.

10  As noted by Judge Grewal, however, federal question jurisdiction lies only when the
11  *plaintiff's complaint* discloses a federal claim.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60
12  (2009). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Id.*  Judge
13  Grewal concluded correctly that because the unlawful detainer complaint is based solely on state
14  law, no federal question jurisdiction lies.

15  Judge Grewal properly denied Defendant's motion to proceed IFP based upon his
16  conclusion that this Court lacks subject matter jurisdiction over the action.  "'A district court may
17  deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed
18  complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113,
19  1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir.
20  1987)).  As discussed above, Defendant's assertion of federal question jurisdiction lacks any
21  arguable basis in law or fact.

22  Accordingly, Judge Grewal's Report and Recommendation is ADOPTED in its entirety,
23  Defendant's motion to proceed IFP is DENIED, and this case is hereby REMANDED to the Santa
24  Clara County Superior Court.

25  **IT IS SO ORDERED.**

26  Dated:  May 29, 2015

BETH LABSON FREEMAN
United States District Judge

2